enforce performance of that part which the vendor can perform, and recover compensation for the part unperformed. I have examined these and find that, in general, they are cases where there is a failure of title in the vendor to a part of the premises agreed to be conveyed, and when a proper deduction from the purchase price can be ascertained and determined so as to do complete justice between the parties in the case before the court." Upon the main proposition the court say: "Under this construction the plaintiffs, if unable to give title to the Thompson-Street property, might have been compelled to take the Mott-Haven, and pay cash therefor. As above remarked, this would entirely defeat the intention of the parties, as appears from the language of the entire contract. That shows that the object was to exchange the one property for the other, the defendant paying the estimated excess in the value of the plaintiff's property to them. This being so, the contract was entire, and a specific performance of a part cannot be awarded." And again: "Under such a contract, to require the defendant to convey the Mott-Haven property to the plaintiffs, and pay such compensation as the court should determine its market value was impaired by the outstanding inchoate right of dower or such sum as the real value of such right ascertained by the tables of mortality, would be harsh and oppressive." The case of *Smyth* v. *Sturges*, 108 N. Y. 495, 15 N. E. Rep. 544, was one where on the one side was only money, and, as in many others, under such a condition there may be a sound footing for decreeing a part specific performance, with money compensation. Of the same nature is *Bostwick* v. *Beach*, 103 N. Y. 414, 9 N. E. Rep. 41.

Decree for the defendants dismissing the complaint, without costs.

---

RECTOR, ETC., OF THE PROTESTANT EPISCOPAL CHURCH OF ST. STEPHEN
v. BLACKHURST.

(*Common Pleas of New York City and County, General Term.*  May 15, 1890.)

REPLEVIN—WHEN LIES—POSSESSION OF CORPORATE SEAL.
  The rector, church-wardens, etc., of an incorporated church, cannot maintain replevin for the corporate seal against the treasurer of the church, where a rule of the church declares that the treasurer shall "safely keep * * * the corporation seal."

Appeal from eleventh district court.

Replevin by the rector, church-warden, etc., of the Protestant Episcopal Church of St. Stephen against James Blackhurst, to recover possession of the corporate seal of said church. Defendant answered that he was treasurer of said church, and as such was entitled to the possession of said seal under a rule of the church which provides that "it shall be the duty of the treasurer to see to the collection of all pew rents and other moneys received, and to keep all moneys and property committed to his care, and safely keep all valuable papers, the corporation seal," etc. There was a judgment for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Booraem, Hamilton & Beckett,* for appellant.  *A. J. Shipman,* for respondent.

No opinion. Judgment reversed.

---

PEOPLE *ex rel.* HART *et al.* v. BLACKHURST.

(*Supreme Court, Special Term, New York County.*  April 7, 1890.)

MANDAMUS—TO AFFIX CORPORATE SEAL.
  On an application for *mandamus* to compel the officer in possession of the seal of a church corporation to affix the same to a consolidation agreement theretofore made with another church corporation, it appeared that further proceedings in the